{para; 24} I agree with the disposition of this matter but continue to have concerns over the lack of expert testimony in most cases where the defendant has no prior history of sexually-related offenses. In the absence of a history of prior sexual misconduct, it seems that the trial court is forced to gaze into a crystal ball to predict future conduct. While the statute provides a series of indicators that arguably correlate with a propensity for sexually-oriented recidivism, such behavioral predictions are not the type of science (or art) in which judges have developed a special expertise. Moreover, in practice it seems that we have taken a one-size-fits-all approach to classifying almost every sex offender as a predator, notwithstanding the lack of prior history as an indicator. Logic and common sense implies that not everyone who commits a sexually-oriented offense will be a recidivist. Thus, I believe courts should utilize expert testimony when asked to decide most classification requests that are based upon a single act. Having indicated that, I reiterate that this case is not close enough in my mind to have warranted the court in sua sponte appointing an expert.
Evans, P.J.: Concurs in Judgment Opinion
Harsha, J.: Concurs in Judgment Opinion with Opinion